IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SPENCER GARDNER,<br><br>Plaintiff,<br><br>vs.<br><br>MISSOULA COUNTY, et al.,<br><br>Defendants. | Cause No. CV 19-150-M-KLD<br><br>ORDER |

    Plaintiff Spencer Gardner filed this action under 42 U.S.C. § 1983 on August 29, 2019, alleging various violations of his civil rights while he was in custody at the Missoula County Detention Center. Gardner, a state prisoner proceeding pro se, has filed motions for an injunction against a non-party (Doc. 39), an extension of time to identify Doe defendants and serve them (Doc. 40), clarification of the deadline for amending the pleadings (Doc. 41), and for the appointment of counsel (Doc. 42). Defendants did not respond to the first three motions and need not respond to the fourth. *See* D. Mont. L.R. 7.1(d)(1)(B)(ii).

    Gardner may have additional time to identify and serve the Doe defendants and to amend his pleading to name them. *See* Mots. for Extension and to Clarify (Docs. 40, 41).

    Gardner's motion for an injunction identifies a genuine issue. He must be

1

able to review the Defendants' initial disclosures and responses to discovery. *See* Mot. for Injunction (Doc. 39) at 1–2. Otherwise, the process will be unfair and any judgment will not withstand review. Rather than ordering non-parties to facilitate the litigation, the Court will require the Defendants to tailor their responses to the circumstances.

Gardner also asks the Court to appoint counsel to represent him. *See* Mot. for Counsel (Doc. 3). The Constitution guarantees the assistance of counsel for criminal actions but not for civil actions. *See, e.g., Campbell v. Burt*, 141 F.3d 927, 931 (9th Cir. 1998) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). The Court may ask counsel to take the case in extraordinary circumstances, but at this point, Gardner has not shown the necessary combination of probable success on the merits and inability to articulate his claims pro se in light of the legal issues involved. In fact, he has done a good job. Gardner's case is currently listed on the Court's website for any members of the Bar who are looking for pro bono opportunities.

Based on the foregoing, the Court enters the following:

## ORDER

1. Gardner's motions for extension of time and for clarification (Docs. 40, 41) are GRANTED.

2. Gardner may file notice of the identity of the Doe defendants on or before

**December 30, 2020.**

3. On or before **January 8, 2021,** counsel for the Defendants must state whether they represent the Doe defendants and whether they agree to waive service.

4. Gardner's motion for an injunction against a non-party (Doc. 39) is DENIED.

5. Defendants must either provide their initial disclosures and discovery responses in a form Gardner can access, or they must make arrangements for him to view or listen to any audio/visual discovery he is not permitted to keep in his custody in prison.

6. Gardner's motion for the appointment of counsel (Doc. 42) is DENIED.

DATED this 1st day of December, 2020.

Kathleen L. DeSoto
United States Magistrate Judge